IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

SECURITIES AND EXCHANGE        }
COMMISSION,                    }
                               }
    **Plaintiff,**           }
                               }
v.                             }     Case No.: 2:04-CV-1052-RDP
                               }
ERIC TYRA; et al.              }
                               }
    **Defendants.**          }

**MEMORANDUM OPINION**

The court has before it Plaintiff's Motion for Extension of Time to Complete Discovery (Doc. # 45); Defendant Tyra's Second Motion to Dismiss (Doc. # 50); Defendant Tyra's Second Motion to Dismiss Government's Request for Penalties (Doc. # 51); Defendant Wynne's Motion to Dismiss (Doc. # 52); Defendant Carey's Motion to Dismiss (Doc. # 58); Defendant Wynne's Motion to Seal (Doc. # 59); and Defendants' Motion for Extension of Time in Which to File Motions for Summary Judgment (Doc. #73).

**I.    Background**

On May 21, 2004, Plaintiff, the Securities & Exchange Commission ("Plaintiff" or "SEC") filed this action alleging that Defendants, Eric Tyra, Scott Wynne, Peter Berman,[1] and Scott Carey, participated in certain fraudulent accounting practices during their employment or association with Just for Feet, Inc. ("Just for Feet"), a former national retailer of athletic and outdoor footwear and apparel. Defendants Tyra and Wynne previously moved to dismiss those portions of the SEC's

---

[1] By agreement of the parties, final judgment was entered against Defendant Berman, and he was dismissed from this action on March 29, 2005.

original Complaint requesting penalties and disgorgement. Defendants argued that the violations alleged in the original Complaint accrued prior to May 21, 1999, and that, therefore, any relief for penalties based on those violations is barred by the five-year statute of limitations found in 28 U.S.C. § 2462.[2] Defendants also argued that no grounds for disgorgement had been pled in the Complaint. After a hearing on January 20, 2005, the Court denied the motions without prejudice and ordered the SEC to "re-plead its Complaint in accordance with the court's mandates at the hearing." (Doc. # 37). The court specifically ordered the Plaintiff to "plead with particularity those facts which form the basis of the alleged fraud, to outline those facts which support its request for relief in the form of disgorgement of ill-gotten gains, and to delineate those acts that occurred prior to May 21, 1999, and those acts which occurred thereafter." (Doc. # 37).

On January 31, 2005, the SEC filed an Amended Complaint for Injunctive and Other Relief (Doc. # 40). The Amended Complaint added or amended Paragraphs 25, 31, 32, 49, 50, 51, 76-78, 82-84, and the prayer for relief in Count IV. Defendants Tyra and Wynne have again filed motions to dismiss, asserting that: (1) Plaintiff's claims for civil penalties, officer and director bar, and disgorgement are untimely; (2) Plaintiff's fraud claims are not pleaded with particularity; and (3) that Plaintiff has failed to state a claim for disgorgement relief. Carey has also moved to dismiss the claims made against him.

---

[2] Plaintiff's brief in opposition to the motions states, "the Commission concedes that, although this circuit has not ruled on the application of 28 U.S.C. § 2462 to the Commission's claims in this case, the body of case law appears to support the proposition that the statute does apply to the penalty claims. However, as also discussed at the hearing, the Commission does not concede the application of the statute to the claims for permanent officer and director bars in the context of this case." (Doc. # 55, at 3-4).

**II.     Motions to Dismiss**

    **A.     Tyra and Wynne's Statute of Limitations Arguments**

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for failure to state a claim upon which relief may be granted. FED.R.CIV.P. 12(b)(6). A court may dismiss a complaint under Rule 12(b)(6) only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In deciding a Rule 12(b)(6) motion, the court must "accept all well-pleaded factual allegations in the complaint as true and construe the facts in a light most favorable to the non-moving party." *Dacosta v. Nwachukwa*, 304 F.3d 1045, 1047 (11th Cir. 2002) (citing *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998)). "[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (citing *Marsh v. Butler County*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001) (en banc)). Further, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any* possible theory." *Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (emphasis in original) (citing *Robertson v. Johnston*, 376 F.2d 43 (5th Cir. 1967)).

The court has reviewed the Amended Complaint and has "accept[ed] all well-pleaded factual allegations in the complaint as true and construe[d] the facts in a light most favorable to the non-moving party." *Dacosta*, 304 F.3d at 1047. For the reasons outlined below, the court cannot conclude that, beyond a doubt, Plaintiff can prove no set of facts in support of its claims against Tyra


and Wynne which would entitle it to relief. *Conley*, 355 U.S. at 45-46.

Defendants' statue of limitations defense is based upon 28 U.S.C. § 2462, which provides as follows:

> Except as otherwise provided by Act of Congress, an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued if, within the same period, the offender or the property is found within the United States in order that proper service may be made thereon.

28 U.S.C. § 2462. Known as the "catch-all" statute of limitations, this provision applies to a claim for penalties when Congress has not otherwise provided for a limitations period in a statute. *See Fed. Election Comm'n v. Nat'l Republican Senatorial Comm.*, 877 F. Supp. 15, 17 (D.D.C. 1995). Statutes of limitations do not ordinarily run against the United States, however, so courts must strictly construe § 2462. *United States v. Davio*, 136 F. Supp. 423, 427 (E.D. Mich. 1995); *see also E.I. Dupont De Nemours & Co. v. Davis*, 264 U.S. 456, 462 (1924) ("Statutes of limitation sought to be applied to bar rights of the government, must receive a strict construction in favor of the government."). The catch-all statute of limitations has particular applicability to penalty actions. *Fed. Election Comm'n*, 877 F. Supp. at 18. The United States Supreme Court, interpreting the predecessor statute to 28 U.S.C. § 2462[3] has said that "penalty or forfeiture" means "something imposed in a punitive way for an infraction of public law." *Meeker v. Lehigh Valley R.R. Co.*, 236 U.S. 412, 423 (1915). Where the liability sought to be enforced is not punitive, but rather "strictly remedial," the catch-all statute of limitations does not apply. *Id*.

---

[3]The predecessor statute, 28 U.S.C. § 791 (1940), was substantively identical to the present statute. Like the present statute, the predecessor statute imposed a five-year statute of limitations for a "suit or prosecution for any penalty or forfeiture, pecuniary or otherwise, accruing under the laws of the United States." 28 U.S.C. § 791 (1940).

Plaintiff's Amended Complaint alleges that all three remaining Defendants participated in overstating Just for Feet's income "through various schemes and artifices to defraud involving the use of bogus receivables and revenues from its outside vendors and the understatement of inventory reserves." (Doc. # 40 ¶ 1). As Defendants point out, the Amended Complaint contains allegations of fraud that occurred prior to May 1999. However, the Amended Complaint also describes a course of conduct by Tyra and Wynne that continued throughout much of 1999. Thus, at least with respect to that alleged conduct, the allegations in the Amended Complaint fall within the statute of limitations period. Defendant Tyra and Wynne's motions to dismiss are focused on the alleged fraudulent reporting contained in the company's 10-K filed on April 30, 1999; however, this filing is not the only fraudulent disclosure that Plaintiff alleges took place. The Amended Complaint also asserts the filing of fraudulent quarterly data in June and September 1999. Moreover, the Amended Complaint alleges other fraudulent activity by Tyra and Wynne that continued past May 1999, including an ongoing effort to permit Rogers Advertising to overbill Just for Feet for its services and meetings held by Defendants Tyra and Wynne whereby they learned that vendors did not owe money indicated by invoices they had received but nevertheless persisted in their fraudulent scheme. Thus, the court's review of the Amended Complaint reveals that Tyra and Wynne are alleged to have engaged in fraudulent activity after May 1999 and during the statute of limitations period. (Doc. # 40 ¶¶ 50-51, 74-82). Accordingly, the court finds that Plaintiff has done enough to state a claim[4] and overcome Defendant Tyra and Wynne's statute of limitations arguments in support of their motion

---

[4] The court rejects as without merit Defendants' assertions that Plaintiff has failed to plead fraud allegations with sufficient particularity in its Amended Complaint .

to dismiss.[5]

The court likewise rejects Tyra and Wynne's argument that Plaintiff's Amended Complaint fails to state a claim for disgorgement relief.[6] Section IV of the Prayer for Relief amends the previous request for disgorgement to further define the basis as being benefits accruing to the defendants as a result of their employment relationship including salary and any other compensation such as bonuses and stock options, as well as the sale of any stock by the defendants. This amended pleading is sufficient under Rule 12(b)(6). Accordingly, Defendants' motions to dismiss (Docs. # 50, 51, 52) are due to be denied.

### B.   Carey's Statute of Limitations Argument

Unlike Tyra and Wynne, Defendant Carey was never employed by Just for Feet. Rather, he worked as Nike, Inc.'s ("Nike") Strategic Account Manager for the Southeastern United States. (Doc. #40 ¶ 12). Plaintiff seeks civil penalties and injunctive relief[7] from Carey for claims arising

---

[5] Many of the arguments asserted by Defendants are due to be rejected because the standard to be applied by the court is whether Plaintiff can prove any set of facts in support of its claims. The court is quick to note that it cannot forecast any ruling on how the statute of limitations issues may be decided in the context of a Rule 56 motion.

[6] The court notes that in *SEC v. Diversified Corporate Consulting Group*, 378 F.3d 1219 (11th Cir. 2004), the court stated that:

> "[w]hen the United States brings suit in its sovereign capacity, a statute of limitations does not ordinarily apply unless Congress has expressly provided otherwise." When the SEC sues to enforce the securities laws, it is vindicating public rights and furthering public interests, and therefore is acting in the United States's sovereign capacity. This is so even though the SEC seeks disgorgement as a remedy of the violation and even though the disgorged proceeds may be used to compensate the defendant's victims.

*Id*. at 1224 (quoting *S.E.C. v. Calvo*, 378 F.2d 1211, 1218 (11th Cir. 2004)). It follows, therefore, that § 2462's five year limitations period does not apply to the SEC's disgorgement claim.

[7] Unlike its claims against Tyra and Wynne, the SEC does not seek an officer or director bar of, or disgorgement from, Carey. It does, however, seek injunctive relief against Carey. Contrary to Carey's arguments, § 2462 does not apply to Plaintiff's claims for injunctive relief. *See, e.g., SEC v. Calvo*, 378 F.3d 1211, 1218 (11th Cir. 2004) (no statute of limitations applies to SEC claims for equitable relief); *see also SEC v. Rind*, 991 F.2d 1486, 1488 (9th Cir.) (same), *cert. denied*, 510 U.S. 963 (1993); *SEC v. Williams*, 884 F. Supp. 28 (D. Mass. 1995) (same); *SEC v. O'Hagan*, 793 F. Supp. 218, 220 (D. Minn. 1992) ("Many courts have held that there is no time limit on when the SEC may bring an action for injunctive relief, including disgorgement.").

out of two "confirmation" letters Carey signed in March 1999. (*Id*. ¶ 41).

In its Amended Complaint, Plaintiff alleges that the first letter confirmed that Just for Feet had $2.15 million available in co-op funds from Nike, when, actually, Just for Feet only had approximately $600,000 available in co-op funds. (*See id*. ¶¶ 42-43). The SEC alleges that the second letter confirmed that Just for Feet had accrued $509,000 in margin enhancement co-op, when, actually, Nike had not typically offered margin enhancements to its customers. *See id.* ¶ 44. The Amended Complaint also alleges that Carey knew that these letters would be used in connection with Just for Feet's audit and that Carey therefore, provided knowing assistance to Just for Feet's violation of securities laws. *See id.* ¶¶ 45-46.

Plaintiff did not file this action until May 21, 2004, more than five years after the date Plaintiff alleges Carey wrote the letters in question. Statutes of limitations are intended to keep stale claims out of court. *See Havens Realty Corp. v. Coleman*, 455 U.S. 363, 380 (1982). Only where a challenged violation is continuing does the staleness concern disappear. *Id*. And, unlike its allegations regarding the other remaining Defendants in this action, Plaintiff does not allege that Carey engaged in any misconduct subsequent to May 20, 1999. The SEC nevertheless asserts that its claims against Carey are not time barred for two reasons: (1) they are timely under the continuing violation doctrine; and (2) the court should apply the so-called discovery rule and find that the statute of limitations contained in § 2462 did not begin to run until Plaintiff learned, or should have learned through the exercise of ordinary diligence, of the fraud. The court is not persuaded by either argument.

    **1.**    **The Continuing Violation Doctrine**

As Plaintiff's response to Tyra's and Wynne's statute of limitations defense states, the

continuing violation doctrine applies when "a defendant's conduct that falls outside of the statute of limitations is closely-related to conduct that falls within it . . ." (*See* Doc. #55 at 7). Because the SEC has not alleged that Carey engaged in any misconduct that falls within the statute of limitations, the continuing violation doctrine does not apply. Indeed, the cases relied upon by Plaintiff to show a continuing violation make clear that in order for that doctrine to apply the alleged violation must continue into the limitations period. "Where a plaintiff . . . challenges not just one incident of conduct violative of the Act, but an unlawful practice that continues into the limitations period, the complaint is timely when filed [within the limitations period] of the last asserted occurrence." *Havens Realty Corp.*, 455 U.S. at 380-81; *see also Interamericas Investments, Ltd. v. Bd. Of Governor's of the Fed. Reserve Sys.*, 111 F.3d 376, 382 (5th Cir. 1997) (a continuing violation occurs when the conduct is ongoing, not just a single event, and accrues each day a violation is extant); *United States v. Scop*, 846 F.2d 135, 139 (2d Cir. 1988) (there was sufficient evidence of a continuing violation because the acts continued into the limitations period).

The SEC relies upon a number of criminal cases which found that certain criminal statutes of limitations did not operate to bar prosecutions for criminal conspiracies, even when a particular defendant's active participation in the conspiracy ceased outside the limitations period, but the conspiracy continued to exist into the limitations period. (*See* Plaintiff's Response at 6 and cases cited therein). Those cases are inapposite for two reasons. First, § 2462, and its unique language indicating that the five year statute of limitations begins to run when the "claim first accrued," was not in operation in such cases. Second, nowhere in its Amended Complaint (or even in its original

complaint for that matter) does the SEC allege Carey was involved in a conspiracy.[8]

Carey's alleged violations are isolated in time and did not continue into the limitations period. Both of the confirmation letters were written and mailed in March 1999 and the SEC has not alleged that Carey engaged in any misconduct after that date. Unlike the other defendants, the SEC does not and cannot allege that Carey's alleged misconduct occurred after May 20, 1999. Therefore, the continuing violation doctrine does not apply to make timely the SEC's claims against Carey.

### 2. The Discovery Rule

Nor are Plaintiff's claims timely under the discovery rule. The discovery rule provides that a plaintiff's claim accrues at the time he knew or should have known that a defendant's conduct caused him injury. But the Eleventh Circuit has found that the discovery rule does not apply to 28 U.S.C. § 2462. *Trawinski v. United Technologies*, 313 F.3d 1295, 1298 (11th Cir. 2002) (finding that under § 2462, "it is upon the violation, and not upon the discovery of harm, that the claim is complete and the clock is ticking.") (citing *3M Company v. Browner*, 17 F.3d 1453, 1462-63 (D.C. Cir. 1994)). The statute makes clear that a claim *accrues* on the date of the alleged misconduct. 28 U.S.C. § 2462. Thus, the plain language of the statute forecloses this court's application of the discovery rule to the SEC's claims seeking penalties. Furthermore, the applicable case law and its supporting rationale are just as clear.

In *Trawinski*, the Eleventh Circuit relied upon the D.C. Circuit's decision in *3M Company v. Browner*, 12 F.3d 1453 (D.C. Cir. 1994). Much of the court's rationale in *3M Company* applies

---

[8]The same flaw dooms the SEC's argument that, because Carey is alleged to have aided and abetted the other Defendants, its claims against him are timely. As Plaintiff itself notes, "[a]iding and abetting is not a separate offense, but a theory which can be used to implicate a defendant as a co-conspirator." Plaintiff's Response at 6-7 (citation omitted). Again, the SEC has not alleged a conspiracy, much less that Carey is a conspirator.

here. An agency's failure to detect violations, for whatever reason, does not avoid the problems of faded memories, lost witnesses and discarded documents in penalty actions brought after alleged violations are discovered. *3M Company*, 17 F.3d at 1461. Conducting judicial hearings to determine whether an agency adequately lived up to its responsibilities is not a workable or sensible method of administering the statute of limitations. *Id*. Applying the discovery rule to 28 U.S.C. § 2462 is not only unworkable, but even more importantly, outside the language of the statute. It is also inconsistent with judicial interpretations of the statute and incompatible with the functions served by a lengthy statute of limitations in penalty cases. *Id*.; *see also United States v. Core Laboratories*, 759 F.2d 480, 482-83 (1985) (Fifth Circuit stating that <u>all</u> of the case law, expressions of congressional intent, and general limitations principles support the rule that a claim under 28 U.S.C. § 2462 accrues at the time of the underlying alleged misconduct).

Further, the decision as to when to investigate a claim is entirely within the control of the government. *Federal Election Comm'n v. National Right to Work Comm., Inc.*, 916 F. Supp. 10, 13-14 (D.D.C. 1996). If a claim did not accrue until the government chose to investigate, then a defendant could theoretically remain exposed to penalties in perpetuity. *Id*. at 14 (holding 28 U.S.C. § 2462 barred civil penalty claims when alleged misconduct took place more than five years before the suit was filed).

The SEC relies primarily on an unpublished district court decision from the Northern District of Illinois to support its argument that its claims against Carey are within the limitations period. *See Securities and Exchange Comm. v. Buntrock*, No. 02-C-2180, 2004 WL 1179423 (N.D. Ill. May 25, 2004). The *Buntrock* court cited the Seventh Circuit's decision in *Law v. Medco Research, Inc.* 113 F.3d 781 (7th Cir. 1997), and opined that the discovery rule applies to 28 U.S.C. § 2462 in the

narrow field of securities fraud cases. However, *Law* involved the interpretation of an entirely different statute of limitations which applies to a Rule 10b-5 claim and provides for a one-year limitations period as opposed to the five-year limitations period applicable here.[9] "Cases dealing with other limitations statutes are of **extremely limited value**." *See Core Laboratories*, 759 F.2d at 481 (emphasis added) (citing *Crown Coat Front Co. v. United States*, 386 U.S. 503 (1967)). Application of the discovery rule in the context of a statute of limitations of only one year makes sense. However, consistent with the rationale of the D.C. Circuit in *3M Company*, when a five year statute is involved, and the claim is one seeking penalties, it does not.

The above case law and its supporting rationale directly apply to the situation here. The SEC's civil penalty claim against Carey accrued in March 1999. The SEC failed to bring that claim within five years of that date; it is therefore barred by 28 U.S.C. § 2462.

### III. Defendant Wynne's Motion to Seal

Wynne seeks a court order sealing his deposition transcript (Doc. # 59). Plaintiff opposes his motion and notes that the common law presumes a right of access to judicial records. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978). This presumption of access, however, can be rebutted if countervailing interests sufficiently outweigh the public interest in access. The trial court may weigh the interests advanced by the parties in light of the public interest and the duty of the courts, and the party seeking to overcome the presumption bears the burden of showing some

---

[9]The *Buntrock* court acknowledged that in *Law*, "the Seventh Circuit was addressing the accrual date for the statute of limitations in the context of a Rule 10b-5 fraud action ...." *Buntrock*, 2004 WL 1179423, at *12. Nevertheless, that court said, "we feel the [Seventh Circuit's] general adoption of the 'discovery of violation' rule in securities fraud cases should be extended to claims for civil penalties governed by the five-year statute of limitations in Section 2462." *Id*. If the court were sitting as a United States Senator or Representative, it would "feel" the same way. But in light of the clear language of § 2462, and the equally clear guidance provided in *Trawinski*, the court unhesitatingly concludes that the discovery rule does not apply to § 2462 even in the context of the SEC's claims for penalties.

11

significant interest that outweighs the presumption. *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988) (citations and internal quotation marks omitted). Under Rule 26(c), where there is a strong public interest in court records, the common law right of access is measured by the compelling interest standard. *See, e.g., Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1571 (11th Cir. 1985).

As a threshold matter, it is important to note that Wynne's motion does not relate to materials filed as part of the public record in this case. With certain exceptions not relevant here, the local rules of the Northern District of Alabama prohibit the filing of discovery materials, including deposition transcripts and videotapes, as part of the public record, unless ordered by the court or filed in connection with some matter before the court, such as a motion, hearing, or trial.[10] *See* ND Ala. LR 5.1. In *Baxter Intl., Inc. v. Abbott Labs.*, 297 F.3d 544 (7th Cir. 2002), the Seventh Circuit drew a distinction between materials generated by pretrial discovery and materials that are in the public record because they form part of the judicial decision-making process:

> Secrecy is fine at the discovery stage, before the material enters the judicial record. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 201 (1984). But those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality.

297 F.3d at 545 (citations omitted). *Accord Securities & Exchange Comm'n v. TheStreet.com*, 273 F.3d 222, 233 (2d Cir. 2001) (holding that deposition discovery materials are not "judicial documents" because they play no role in the performance of Article III functions, therefore, there is

---

[10]As amended in 2000, Federal Rule of Civil Procedure 5(d) also provides that certain discovery materials, including depositions, shall not be filed with the Clerk of the Court until used in the proceeding or the court orders filing. FED.R.CIV.P. 5(d).

12

no presumption of public access to them). The public interest in access to materials that form the basis of a judicial decision is greater than in other materials generated in the discovery process. Here, Wynne's motion does not raise the issue of whether it would be appropriate to order that any of the deposition transcripts or videotapes at issue be filed under seal if they are hereafter submitted to the court as evidence. What apparently is at issue here is the dissemination of the deposition transcripts and/or videotapes, which are not in the court's file, to third persons.

In order to strike the appropriate balance at this time, the court will enter an order requiring the parties to comply with the following procedure: The producing party may, on the record of the deposition or by written notice to all parties no later than five (5) days after receipt of a deposition transcript, designate portions thereof as "Confidential."[11] During such five day period, all transcripts and the information contained therein will be deemed to be "Confidential" in their entirety under the terms of this Order. Thereafter, only those portions of a transcript of a deposition marked "Confidential" shall be so treated, except that all copies of deposition transcripts that contain confidential matter shall be prominently marked "Confidential" on the cover thereof and, if filed with the Clerk, shall be filed under seal. Such a designation must be made in good faith and the party making it should be prepared to support the designation if challenged. If any party disagrees with the designation of portions of a transcript as "Confidential," he or it may file a motion seeking to have the court strike such a designation. The court will insist that counsel and the parties communicate and work cooperatively with each other before any such motion is filed.

---

[11]Wynne, as well as any other party, shall have ten (10) business days from the entry date of this Memorandum Opinion and its accompanying Order to make such a designation with respect to depositions already taken.

### IV.   Request for Additional Discovery

Plaintiff has asked this court to extend the deadline for completing discovery and permit it to take forty (40) additional depositions. That portion of Plaintiff's motion seeking to extend the discovery deadline is due to be granted, particularly in light of the court's recent order permitting Plaintiff to amend its Complaint. The scope of additional discovery requested by Plaintiff is a wholly different matter, however. Plaintiff has already engaged in substantial pre-litigation discovery by way of its lengthy investigation regarding the claims made in its Amended Complaint.[12] In addition, this court's September 9, 2004 order permits Plaintiff to take twenty (20) depositions in this litigation, only five (5) of which reportedly had been taken at the time the SEC filed its motion. Enough is enough. "[D]iscovery [is used] properly as an evidence gathering tool, and not as a weapon." *Winkler v. Eli Lilly & Co.*, 101 F.3d 1196, 1202 (7th Cir. 1996). The court believes that the right to take twenty (20) depositions is easily sufficient to allow Plaintiff to prepare its case for trial.

The parties are to meet and confer and present to the court a proposed scheduling order under Rule 16(b). Thereafter, the court will enter a new Rule 16(b) Scheduling Order extending the time to complete discovery and file dispositive motions. Accordingly, the court will grant in part and deny in part Plaintiff's motion for additional discovery (Doc. # 45), and grant Defendants' Motion for Extension of Time in Which to File Motions for Summary Judgment (Doc. # 73).

**DONE** and **ORDERED** this ____4th____ day of May, 2005.

_____
R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE

---

[12] For example, as Defendant Tyra notes, the SEC has more than nineteen thousand (19,000) pages of testimony taken from ninety (90) transcripts of more than fifty (50) witnesses who have testified under oath concerning events that occurred at Just for Feet.